IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LES HELGESON**, | Case No. 3:13-cv-01222-PK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **TILLAMOOK COUNTY,** et al., | |
| Defendants. | |

Marianne Dugan, 259 East 5th Avenue, Suite 200-D, Eugene, OR 97401; and Brian Michaels, 259 East 5th Avenue, Suite 300-D, Eugene, OR 97401. Of Attorneys for Plaintiff.

Gerald L. Warren, 901 Capitol Street NE, Salem, OR 97301. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on January 16, 2014. Dkt. 34. Judge Papak recommended that (1) Plaintiff's Second Amendment claim be dismissed with prejudice because Plaintiff expressly abandoned that claim; (2) Defendants' motion for summary judgment be granted as to Plaintiff's substantive due process and equal protection claims and those claims be dismissed with prejudice; and (3) Defendants' motion for summary judgment against Plaintiff's Second Amendment claim be denied as moot.

PAGE 1 – OPINION AND ORDER

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Before the deadline for objections to Judge Papak's Findings and Recommendation, Plaintiff filed a Motion for Reconsideration, requesting Judge Papak reconsider Plaintiff's abandonment of his Second Amendment claim. Dkt. 41. Defendants objected to the motion for reconsideration. Dkt. 42. Judge Papak referred the motion for reconsideration for review by this Court.

Plaintiff timely filed objections to the Findings and Recommendation (Dkt. 43), to which Defendants responded. Dkt. 45. Plaintiff objects to all of Judge Papak's recommendations,

PAGE 2 – OPINION AND ORDER

arguing that Plaintiff raises an issue of material fact as to his substantive due process and equal protection claims.

The Court has reviewed *de novo* Judge Papak's Findings and Recommendation, as well as Plaintiff's objections, Defendants' response, and the underlying briefing in this case. The Court agrees with Judge Papak's reasoning and ADOPTS Judge Papak's Finding and Recommendation, supplemented as follows.

**A.  Property Interest**

Plaintiff argues that he has a constitutionally-protected property interest in his concealed handgun license ("CHL") and that Judge Papak erroneously relied upon *Erdelyi v. O'Brien*, 680 F.2d 61 (9th Cir. 1982), and *Martinkovich v. Or. Legislative Body*, 2011 WL 7693036 (D. Or. Aug. 24, 2011), in finding otherwise. Plaintiff argues that *Erdelyi* is distinguishable because that case involved a California statute governing CHLs, which provides much more discretion to officials considering whether to issue such licenses than Oregon's statute governing CHLs, and that *Martinkovich* erroneously relied on *Erdelyi* in finding that persons do not have a protected property interest in obtaining a CHL under Oregon's statute. The Court disagrees with Plaintiff's characterization of *Martinkovich* and finds the reasoning of that case to be in accord with the law governing when a person has a constitutionally protected property interest in a government benefit such as a license.

There are narrow circumstances under which a person may have a constitutionally protected property interest in a license or permit. *See Gerhart v. Lake Cnty., Mont.,* 637 F.3d 1013, 1019 (9th Cir. 2011). As explained by the Ninth Circuit:

> In some instances, a person can have a constitutionally protected property interest in a government benefit, such as a license or permit. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701 (1972); *see also Groten v. California*, 251 F.3d 844, 850 (9th Cir. 2001) (holding that plaintiff had a protected property

PAGE 3 – OPINION AND ORDER

> right to a temporary appraiser's license). To have a property interest in a government benefit, "a person clearly must have more than an abstract need or desire for [the benefit]. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of *entitlement* to it." *Roth*, 408 U.S. at 577 (emphasis added). Furthermore, a property interest must "stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.*
>
> Along the same lines, we have held that state law creates a "legitimate claim of entitlement" when it "imposes significant limitations on the discretion of the decision maker." *Braswell* [*v. Shoreline Fire Dep't*, 622 F.3d 1099, 1102 (9th Cir. 2010)] (internal quotation marks and alterations omitted). For example, we have held that such an entitlement to a government permit exists when a state law or regulation requires that the permit be issued once certain requirements are satisfied. *See, e.g.*, *Groten*, 251 F.3d at 850 (holding that a protected property right to a license existed where both federal and state law entitled the applicant to a license whenever certain statutory requirements were met); *Bateson v. Geisse,* 857 F.2d 1300, 1303 (9th Cir. 1988) (holding that a builder had a property interest in a building permit where city regulations provided that once an applicant met certain requirements, a permit must be issued).

*Id.* at 1019-20 (emphasis, alterations, and parentheticals in original, bracketed citation information added).

In the permitting context, constitutionally protected property interests have been found where the governing state law requires the permitting authority to issue the permit after the statutory requirements have been met. *See Gerhart*, 637 F.3d at 1019-20; *Bateson*, 857 F.2d at 1303. Conversely, where the governing law allows discretion in approving or denying permits or allows the decision-making body discretion to define or add criteria, no constitutionally protected property interest is created. *See, e.g.*, *Doyle v. City of Medford*, 606 F.3d 667, 673 (9th Cir. 2010) ("'Only if the governing statute compels a result upon compliance with certain criteria, *none of which involves the exercise of discretion by the reviewing body*, does it create a

PAGE 4 – OPINION AND ORDER

constitutionally protected property interest.'" (quoting *Shanks v. Dressel*, 540 F.3d 1082, 1091 (9th Cir. 2008) (emphasis in original) (alteration omitted)).

Here, the governing statute provides discretion to the sheriff of a county to deny a CHL even if the applicant meets all of the requirements for a CHL set forth in Or. Rev. Stat. § 166.291. Or. Rev. Stat. § 166.293 provides in relevant part:

> (2) Notwithstanding ORS 166.291(1), and subject to review as provided in subsection (5) of this section, a sheriff may deny a concealed handgun license if the sheriff has reasonable grounds to believe that the applicant has been or is reasonably likely to be a danger to self or others, or to the community at large, as a result of the applicant's mental or psychological state or as demonstrated by the applicant's past pattern of behavior involving unlawful violence or threats of unlawful violence.

Thus, Oregon's CHL statutory scheme does not "*mandate* any outcome" because even when the statutory requirements are met, a sheriff may deny a CHL based on discretionary criteria. *Shanks*, 540 F.3d at 1091 (emphasis in original); *see Doyle*, 606 F.3d at 673. Accordingly, Plaintiff does not have constitutionally-protected property interest in a CHL.

## B. Motion for Reconsideration

Plaintiff moves for reconsideration of his express abandonment of his Second Amendment claim. Plaintiff stated in his response to Defendants' motion for summary judgment that he "has decided to not carry forward his Count 3, based on the Second Amendment" after reviewing the case law and finding that "most of the courts [that] have reviewed the issue since *Heller*[1] have held that the Second Amendment does not protect any right to concealed carry." Pl.'s Resp Br., Dkt. 22 at 5 n.1. In abandoning his Second Amendment claim, Plaintiff noted that the Ninth Circuit and the Supreme Court had not yet opined as to whether "unreasonable

---

[1] *District of Columbia v. Heller*, 554 U.S. 570 (2008).

PAGE 5 – OPINION AND ORDER

limitations on concealed weapons implicate the Second Amendment." *Id.* Plaintiff confirmed his abandonment of his Second Amendment claim to Judge Papak at oral argument. Dkt. 34 at 21.

Plaintiff requests that his express abandonment of his Second Amendment claim be reconsidered because after he abandoned the claim, the United States Court of Appeals for the Ninth Circuit issued its opinion in *Peruta v. Cnty. of San Diego*,[2] which Plaintiff argues "establishes that in the Ninth Circuit there is indeed a Second Amendment claim for denial of a concealed handgun permit." Plf's Mem. for Recon., Dkt. 41 at 3.[3]

Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and quotation marks omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* Plaintiff's arguments regarding his Second Amendment claim could have been raised in response to Defendants' motion for summary, but Plaintiff instead abandoned his Second Amendment claim. Plaintiff chose to abandon his Second Amendment claim, despite his belief that there was no binding precedent foreclosing his arguments, and the Court denies his motion for reconsideration. *See Rispoli v. King Cnty.*, 297 F. App'x 713, 715 (9th Cir. 2008) (affirming the district court's dismissal of claims and denial of a motion for reconsideration because the claims were explicitly abandoned by the plaintiff).

## CONCLUSION

The Court ADOPTS Judge Papak's Findings and Recommendations (Dkt. 34), as supplemented herein. For the reasons set forth in Judge Papak's Findings and Recommendation,

---

[2] 742 F.3d 1144 (9th Cir. 2014).

[3] The Court expresses no opinion on Plaintiff's characterization of the holding of *Peruta*.

and supplemented above, Plaintiff's Second Amendment claim is dismissed with prejudice, Defendants' Motion for Summary Judgment (Dkt. 10) is GRANTED with respect to Plaintiff's substantive due process and equal protection claims and is DENIED AS MOOT with respect to Plaintiff's Second Amendment claim, and Plaintiff's motion pursuant to Federal Rule of Civil Procedure 56(d) (Dkt. 24) is DENIED. Additionally, Plaintiff's Motion for Reconsideration (Dkt. 41) is DENIED. This case is DISMISSED with prejudice.

**IT IS SO ORDERED**.

DATED this 14th day of May, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge